

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00277-CR
_____

DALLAS JAMES MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 72,940-D-CR; Honorable David L. Gleason, Presiding

August 27, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to a plea bargain agreement, Appellant, Dallas James Moore, was convicted of escape from custody[1] and sentenced to forty years confinement. The trial court's certification of Appellant's right of appeal reflects that Appellant's case is a plea-

---

[1] TEX. PENAL CODE ANN. § 38.06(c) (West 2016). Appellant pleaded "true" to two felony enhancements, making the offense punishable by imprisonment for life or for a term of not more than ninety-nine years or less than twenty-five years. *Id.* at § 12.42(d) (West 2019).

bargained case with no right of appeal and that Appellant waived the right of appeal. The certification notwithstanding, Appellant filed a notice of appeal, pro se, challenging his conviction.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." By letter dated August 2, 2019, this court notified Appellant of the consequences of the trial court's certification and invited him to file an amended certification showing a right of appeal or demonstrate other grounds for continuing the appeal by August 16. To date, Appellant has not filed an amended certification reflecting a right of appeal or a response establishing good cause for continuing this appeal.

Consequently, we have no alternative but to dismiss the appeal based on the certification signed by the trial court. TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.

2